IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD LEE KIGER,

                    Petitioner,

          v.                                CASE NO. 07-3077-SAC

PAUL MORRISON,

                    Respondent.

## O R D E R

This petition for writ of habeas corpus, 28 U.S.C. 2254, was filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas.  Petitioner paid the filing fee.  Having examined the materials filed, the court finds as follows.

Petitioner seeks to challenge his convictions and sentence in the District Court of Johnson County, Kansas, upon his pleas of guilty to two counts of securities fraud.  He was sentenced on May 2, 2005, to 48 months in prison.  Petitioner directly appealed his sentence, and the Kansas Supreme Court dismissed his appeal on June 9, 2006.  Petitioner alleges he asked his appellate counsel to raise several issues on direct appeal, but no appellate briefs were submitted.

On October 18, 2006, petitioner filed a state post-conviction motion under K.S.A. 60-1507, presenting claims he alleges his appellate attorney refused to raise on direct appeal.  His motion was denied without a hearing.  Petitioner filed a notice of appeal, and on-line records of the Kansas Appellate Courts indicate his appeal (Appellate Case No. 97723) is presently pending.

As grounds for his federal Petition, Mr. Kiger claims improper sentencing, use of "improper criminal history" in sentencing, prosecutorial misconduct, and ineffective assistance of defense counsel.

It appears that petitioner has not fully exhausted his state court remedies.  28 U.S.C. 2254(b)(1) provides:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State;"

or the applicant shows that State corrective process is either unavailable or ineffective.  28 U.S.C. 2254(b)(1)(B).  "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. In this district, that means the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack."  Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).  Petitioner admits that his claims were not presented in his direct appeal, and the appeal of his 60-1507 motion is pending.  He will be given time to show cause why this action should not be dismissed, without prejudice, for failure to

exhaust state remedies[1].  If petitioner fails to respond within the
time provided, this action may be dismissed without further notice.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted
twenty (20) days in which to show cause why this action should not
be dismissed, without prejudice, for failure to exhaust state
remedies.

**IT IS SO ORDERED**.

Dated this 7th day of May, 2007, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge

---

[1]      Petitioner is reminded of the statute of limitations applicable to a petition for writ of
habeas corpus filed in federal court pursuant to 28 U.S.C. 2254.  That statute of limitations is set forth
in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus
> by a person in custody pursuant to the judgment of a State court.  The limitation period
> shall run from . . . (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent judgment or claim is pending shall
not be counted toward any period of limitation . . . ."  28 U.S.C. 2244(d)(2).

     It appears from Mr. Kiger's application that his conviction "became final" for statute of
limitations purposes on or about September 10, 2006, ninety days after his direct appeal was
dismissed by the Kansas Supreme Court.  The statute of limitations then commenced and ran for a
little over a month before petitioner filed his 1507 motion.  As long as petitioner's "properly filed"
1507 motion "is pending" on appeal, the statute of limitations is tolled.  However, he is strongly
advised to use great diligence in filing a federal habeas corpus petition once his 1507 appeal is no
longer pending.