```
        IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF KANSAS
```

**RICHARD LEE KIGER,**

                **Petitioner,**

                  v.                    CASE NO. 07-3077-SAC

**PAUL MORRISON,**

                **Respondent.**

## <u>O R D E R</u>

On May 7, 2007, this court entered an Order requiring petitioner in this habeas corpus action under 28 U.S.C. 2254, to show cause why this action should not be dismissed for failure to exhaust state court remedies. Petitioner has filed a Response to Court Order (Doc. 3). He has also filed a Motion for Consideration (Doc. 4), which is basically a motion for release on bond. Having considered all materials filed, the court finds as follows.

Petitioner seeks to challenge his convictions and sentence entered in the District Court of Johnson County, Kansas, upon his pleas of guilty to two counts of securities fraud. He was sentenced on May 2, 2005, to 48 months in prison. He directly appealed his sentence in August, 2005, and was appointed appellate counsel. The Kansas Supreme Court dismissed his appeal on June 9, 2006, finding it was without jurisdiction to review his "presumptive sentences" under K.S.A. 21-4721(c)(1). Petitioner alleges he asked his appellate counsel to raise several issues on direct appeal, but no appellate briefs were submitted.

On October 18, 2006, petitioner filed a pro se state habeas

corpus motion pursuant to K.S.A. 60-1507, presenting claims he alleges his appellate attorney refused to raise on direct appeal. His motion was denied without a hearing on October 31, 2006. On-line records of the Kansas Appellate Courts indicate petitioner filed a notice of appeal in December, 2006, and that this appeal (Appellate Case No. 97723) is presently pending. The records currently indicate that a brief was filed by the Kansas Securities Commissioner's Office on May 21, 2007.

Petitioner states in his Response to the court's order that he "does not seek to challenge the convictions in the matter set forth in the 60-1507" but seeks a remedy to his 48-month sentence imposed on May 2, 2005. Contrary to these statements, petitioner set out the grounds he raised in his 1507 motion in response to questions on his federal Petition, and they include grounds he raises before this court: prosecutorial misconduct, improper criminal history, improper sentence, and ineffective assistance of counsel. However, he states in response to questions about the appeal of the individual issues raised in his federal Petition, that he did not raise them on direct appeal because his appointed counsel "did not submit any legal issues or legal briefs whatsoever." He similarly states that he did not raise them on the appeal of the denial of his 1507 motion because his appellate counsel raised only the issue that there was no evidentiary hearing. Petitioner further states that his legal challenges to his sentence were fully presented to his retained and appointed counsel.

It is not only counsel that Mr. Kiger needed to present his claims to, but those claims must have been presented to the state trial and appellate courts. If petitioner is saying that he directed his counsel appointed on direct appeal and his counsel appointed on appeal of his 1507 motion to raise his claims to the Kansas appellate courts but they refused and prevented him from doing so, then he must seek relief in state court stating those facts as the basis for a claim of ineffective assistance of his appellate counsel. If he simply acquiesced in his counsel's advice to forego raising his claims in the state appellate courts, then he may not now raise them in federal court for the very reason that they have not been presented to the Kansas appellate courts. Petitioner may not proceed in federal court until he has presented his claims to the highest court in the State.

Petitioner's allegations show that the challenges to his state sentence as well as the claims regarding his state convictions, which he set forth as grounds in his federal Petition have not been presented the highest court of the State. Moreover, his allegations and the online records of the Kansas Appellate Courts in Appellate Case Number 97723 show that the appeal of his 1507 proceedings is still pending. The court concludes that petitioner has not exhausted state court remedies on his claims.

Petitioner's claim that the remedies available in the state courts are ineffective is not supported by factual allegations indicating that State corrective process is either unavailable or ineffective.

3

Petitioner's motion for release on bond pending the outcome of this case is denied as moot. His request for the court to order his release on bond even if it finds he has failed to show exhaustion of state court remedies is without any legal or factual basis.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed, without prejudice, for failure to exhaust state remedies.

**IT IS FURTHER ORDERED** that petitioner's motion for release on bond (Doc. 4) is denied.

**IT IS SO ORDERED**.

Dated this 24th day of May, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

4